UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH T.,[1] | ) | |
| | ) | No. 18 CV 3186 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | October 25, 2019 |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

Deborah T. ("Deborah") has already been determined to be eligible for Supplemental Security Income ("SSI"). She brings this action seeking judicial review of the Social Security Administration's ("SSA") decision to withhold certain benefits resulting from a calculation error. Before the court are the parties' cross-motions for summary judgment.[2] For the following reasons, Deborah's motion is denied and the government's is granted:

**Procedural History**

Deborah first began receiving SSI benefits on January 1, 1993. (Administrative Record ("A.R.") 355.) From October 2001 to 2004, the SSA overpaid

---

[1] Pursuant to Internal Operating Procedure 22, the court uses only Plaintiff's first name and last initial in this decision to protect her privacy to the extent possible.

[2] The government filed a motion to dismiss for lack of subject matter jurisdiction, (R. 27), but later withdrew that motion, (R. 34). Given the court's independent obligation to ensure that it has subject matter jurisdiction over the present dispute, the court confirms that no jurisdictional bar precludes judicial review here.

Deborah $13,405.48 because of "an increase in wages, cash, or special income." (Id.) Then in 2011 the SSA overpaid her $3,870.30 because of her husband's unemployment compensation. (Id.) When Deborah received notices of the overpayment, she requested reconsideration and waivers—arguing that she was not at fault for the overpayment—in an effort to avoid repaying the SSA. (Id. at 355-64, 372-79, 412-20.) The SSA denied her request and, after a hearing, an administrative law judge ("ALJ") affirmed the denial on January 25, 2013. (Id. at 352-64.) The ALJ found that while Deborah was "overpaid within the meaning of the Act," she was not without fault because she failed to "report events affecting payments and timely failed to furnish the necessary information." (Id.)

Deborah reapplied for SSI on October 17, 2014.[3] (Id. at 47, 214-23.) On December 10, 2014, the SSA approved Deborah's SSI claim but informed her that $73.30 would be withheld from her monthly benefits to satisfy the preexisting SSI overpayment. (Id. at 47-48.) In April 2015 the SSA informed Deborah that her withholding would be reduced to $29 per month beginning the following month. (Id. at 77.) Then in June 2015, the SSA informed Deborah that from November 2014 to June 2015 she had been underpaid SSI benefits in the amount of $1,643.87. (Id. at 103-05.) Given Deborah's outstanding overpayment balance of $14,049.64 at that time, the SSA notified her that $1,473.84 of the underpayment would be withheld to

---

[3] Though Deborah's medical condition appeared to improve in 1997, an ALJ reaffirmed her disability status after a hearing in June 1998. (See, e.g., A.R. 24-27.) Deborah then refiled for SSI benefits in 2010 and was determined to be disabled. (Id. at 400-05.) Any gaps in Deborah's SSI benefits are not germane to the issue raised in this appeal.

2

satisfy part of the overpayment. (Id.) On July 30, 2015, Deborah requested reconsideration, but the request was denied because it was "a duplicate of an earlier request" and "no new issues" had surfaced since the prior request. (Id. at 117-20, 127-28.)

In August 2015 Deborah requested a hearing before an ALJ. (Id. at 129-32, 235.) Her request was granted and on October 20, 2015, Deborah appeared for the hearing along with her attorney. (Id. at 11, 236-43, 268-93.) Deborah did not contest the finding that she was at fault for the overpayment or that the matter is in collection. (Id. at 12, 244.) However, she disputed the application of the underpayment to satisfy part of the overpayment. (Id. at 244.) The ALJ issued a decision in December 2015 denying Deborah's request to bar the SSA from applying the underpayment to the overpayment balance. (Id. at 11-14.) The ALJ found that the "underpayment was properly applied to recoup a portion of [Deborah's] overpayment" and that she did not present evidence showing that "recovery of her overpayment was against equity and good conscience." (Id. at 12-14.)

When the Appeals Council declined Deborah's request for review, (id. at 3-7), Deborah filed this lawsuit seeking judicial review of the Commissioner's decision, *see* 42 U.S.C. § 405(g), and the parties consented to this court's jurisdiction, *see* 28 U.S.C. § 636(c); (R. 12).

**Analysis**

Deborah moves for summary judgment claiming that the SSA applied incorrect standards and acted in a manner inconsistent with the applicable regulations when

3

it withheld the underpayment owed to her. (R. 18, Pl.'s Mem. at 3-6.) The government in turn cross-moves for summary judgment, arguing that the SSA properly withheld the underpayment to partly satisfy an overpayment made to her. (R. 28, Govt.'s Mem. at 6-12.) The court reviews the ALJ's decision to ensure that it is supported by substantial evidence, meaning "more than a scintilla" but no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and to ensure that the ALJ applied the correct legal standard. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations and citations omitted).

Deborah argues that SSA regulations provide that the SSA may "waive adjustment or recovery of an overpayment when an individual on whose behalf waiver is being considered is without fault (as defined in § 416.552) and adjustment or recovery would be *against equity and good conscience*." (R. 18, Pl.'s Mem. at 3-6 (quoting 20 C.F.R. § 416.554 (emphasis in original)).) Section 416.554 further states that "[a]djustment or recovery is considered to be *against equity and good conscience* if an individual changed his or her position for the worse or relinquished a valuable right because of reliance upon a notice that payment would be made or because of the incorrect payment itself." *Id.* (emphasis in original). Because the SSA's own calculation error resulted in the underpayment, Deborah asserts that withholding the underpayment runs contrary to equity and good conscience. (R. 18, Pl.'s Mem. at 4.) Insofar as the ALJ found otherwise, Deborah contends that the ALJ applied POMS SI 02260.25 and GN 02250.150, which address only the first part of the

4

regulation—whether a claimant changed her position or relinquished a valuable right—and not whether the incorrect payment, in and of itself, requires a finding that an adjustment is against equity and good conscience. (Id. at 4-5.)

The government responds that Deborah incorrectly points to Section 416.554 for support because that regulation applies only to waiver of an *overpayment*, and Deborah does not contest the validity of the overpayment in this proceeding. (R. 28, Govt.'s Mem. at 8-9.) The government also notes that the ALJ carefully considered Deborah's argument but relied instead on Section 416.543 in finding that the SSA had properly applied the underpayment to the existing overpayment. (Id. at 12 (citing A.R. 12-13).) The government cites other SSA rules and regulations supporting the ALJ's finding. *See* 20 C.F.R. § 416.558; POMS SI 02101.001(B)(6), 02101.002(A)(1)(c), 02220.015(A)(4)(a).

The court finds that the ALJ relied upon substantial evidence to support his decision and did not commit a legal error. Indeed, he heard Deborah's testimony, reviewed her claim, and determined that her underpayment was properly applied to satisfy a part of the overpayment. (A.R. 12-13 (citing 20 C.F.R. § 416.543).) As the ALJ noted in his decision, "the claimant, through her representative . . . is not contesting the existence of the overpayment. Rather, she is seeking to recoup the underpayment that was withheld to pay down her overpayment balance." (Id. at 12.) The ALJ found no evidence that "any underpayment was improperly applied to reduce the claimant's overpayment" or that "withholding her back due benefits was against equity and good conscience." (Id. at 13-14.)

5

The ALJ also considered Deborah's argument that the SSA should have applied a 10-percent limit to her overpayment adjustment because she is a recipient of concurrent benefits under Title II and Title XVI. (Id.) Specifically, in a post-hearing brief, Deborah explained that at the time she became eligible for SSI benefits under Title XVI in November 2014, she was already receiving disability benefits under Title II. (Id. at 244.) As such, she argued that the SSA's concurrent benefit rule limiting the collection to a maximum of 10 percent should have gone into effect at that time, but it did not until July 2015, resulting in an unfair collection amount during that time period. (Id.) The ALJ rejected Deborah's argument because the SSA rule "set[ting] forth the process" for adjusting the concurrent rate benefit permits a continued collection at a "100 percent withholding until appropriate systems changes are made to automatically apply the 10 percent withholding." (Id. at 13 (citing GN 02210.045B).) In Deborah's case, "'the system' automatically withheld the underpayment and applied it to the claimant's overpayment [until] the appropriate systems changes were made to apply the 10 percent withholding." (Id.) Accordingly, the ALJ found no error in the amount of benefits withheld during that period. (Id.)

Additionally, the ALJ considered Deborah's argument that the SSA violated SI 02260.025 and GN 02250.150, which "set forth criteria for determining whether overpayment recovery is against equity and good conscience." (Id. at 14.) Again, the ALJ found no evidence supporting Deborah's claim. (Id.) And, in any event, such a standard applies to overpayment recovery, which Deborah does not contest.

## Conclusion

For the foregoing reasons, Deborah's motion is denied and the government's is granted.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**